IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSHUA SOLOMAN,                      )
                                     )
    Plaintiff,                      )
                                     )
v.                                   )     Case No. 3:08-cv-1117
                                     )     Judge Trauger
A.O. SMITH WATER PRODUCTS CO.,       )
                                     )
    Defendant.                      )

## MEMORANDUM AND ORDER

The plaintiff was employed by the defendant from April 18, 2004 until January 22, 2007. He brings this suit pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Family and Medical Leave Act, alleging that the defendant discriminated against him both on the basis of disability and on the basis of race, to the extent that he is a Caucasian man married to an African-American woman and is the father of a bi-racial child. The defendant has filed a motion to dismiss these claims (Docket No. 8), to which the plaintiff has responded (Docket No. 12), and the defendant has replied (Docket No. 14). In his opposition to the defendant's motion, the plaintiff requests, as an alternative to dismissal, that he be granted leave to file an amended complaint. For the reasons discussed herein, the plaintiff's claim under Title VII will be dismissed, and he will be granted leave to file an amended complaint to restate his claims arising under the Americans with Disabilities Act and the Family and Medical Leave Act.

1

**I.    Motion to Dismiss Standard**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007), the Supreme Court readdressed the pleading requirements under the federal rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) does require a

2

"showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." *Twombly*, 127 S.Ct. at 1965 n.3.

Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," *see E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[1] *Id*. at 1965; *see also Swierkiewicz,* 534 U.S. at 508 n.1; *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer,* 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely").

## II.    Title VII

With respect to the race discrimination claim under Title VII, the plaintiff has conceded that claim (Docket No. 13 at 5) and it will be dismissed.

---

[1] The plaintiff asserts that *Twombly* is inapplicable here because it is limited to the antitrust context and argues that he has set forth sufficient factual allegations to satisfy the requirement, under Rule 8(b)(2), of providing "a short and plain statement of the claim showing that the pleader is entitled to relief." (Docket No. 13 at 3-5.)  However, the Sixth Circuit has repeatedly held that the *Twombly* standard applies in cases arising outside the antitrust context. *See Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008); *League of United Latin A. Citizens*, 500 F.3d at 527.

**III.    Americans with Disabilities Act**

The defendant asserts that the plaintiff's claim arising under the Americans with Disabilities Act ("ADA") must be dismissed because it is barred by the statute of limitations. (Docket No. 9 at 5-7.)

Under the ADA, a charge of discrimination generally must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see* 42 U.S.C. § 12117(a) (incorporating charging requirement of 42 U.S.C. § 2000e-5(e)(1) from Title VII). However, where the plaintiff has instituted proceedings before a state or local agency authorized to grant relief, the limitations period is three hundred days. *See id.* The plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission and the state fair employment practices agency on November 30, 2007. In his charge, he identified the last incident of discrimination as taking place on March 30, 2007, two hundred and forty-five days prior to the date on which he filed his charge. (Docket No. 9 Ex. A.)

According to the defendant, the plaintiff's ADA claim essentially constitutes a failure to accommodate claim. The defendant asserts that Tennessee law does not provide a remedy for failure to accommodate a disability and, thus, that there is no state or local agency authorized to provide relief. The defendant argues, therefore, that the shorter one hundred and eighty day limitations period, rather than the longer three hundred day period, must apply to the plaintiff's ADA claim. The plaintiff, by contrast, argues that the defendant has misconstrued his ADA claim, and asserts that he has alleged not merely a failure to accommodate, but also disability discrimination. He argues that the defendant's motion should be denied or that, in the alternative, he should be granted leave to amend the Complaint. In response, the defendant notes

4

that the Complaint does not even specify facts to establish a disability under the ADA, an essential element of a disability discrimination claim.

Though pleaded terribly inartfully, the Complaint alleges that, after a disability-related absence from work, the plaintiff "was assigned tasks and duties that were far more physically demanding than his original job, while at a much lower rate of pay. . . . These new assignments and greater physical demands has [*sic*] caused Plaintiff to endure great physical pain, causing Plaintiff to be unable to continue working as the result of the increased level of pain." (Docket No. 1 ¶ 8.) Rather than attempting to determine, on the basis of this allegation alone, the nature of the plaintiff's ADA claim and, thus, whether he has pleaded the elements of his claim and whether it is governed by the shorter or longer limitations period, the plaintiff will be granted leave to amend the Complaint with respect to this claim. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), unless there is a showing of undue delay, bad faith or dilatory motive on the part of the moving party, undue prejudice to the non-moving party, or futility of the proposed amendment, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). In this case, the plaintiff has not previously sought to amend the Complaint, discovery has not yet begun, and no scheduling order has been entered. As there is no evidence of undue delay, bad faith or dilatory motive, prejudice to the defendant, or futility of the proposed amendment, leave to amend is appropriate.

**IV.    Family and Medical Leave Act**

Finally, the defendant moves to dismiss the plaintiff's claim under the Family and Medical Leave Act ("FMLA") for failing to state a claim, arguing that the plaintiff has not even pled the elements of an FMLA claim, let alone facts that would entitle him to relief under the

5

FMLA. (Docket No. 9 at 7-8.) The court notes that the plaintiff's claim under the FMLA is even more vaguely stated than his claim under the ADA. However, as with his ADA claim, the plaintiff will be granted leave to amend the Complaint to address the deficiencies identified by the defendant and this court with respect to his FMLA claim.

**V.     Conclusion**

For the reasons discussed herein, the Defendant's Motion to Dismiss is **GRANTED** with respect to the plaintiff's Title VII claim. With respect to his claims arising under the Americans with Disabilities Act and the Family and Medical Leave Act, the plaintiff is hereby granted leave to file an amended complaint by the deadline of March 4, 2009. The initial case management conference is **RESET** for March 30, 2009 at 2:00 p.m.

_____
ALETA A. TRAUGER
United States District Judge